**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jose Joaquin AVILA–TRUJILLO,**
**Defendant–Appellant.**

No. 05–40014.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Feb. 23, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for United States of America.

Juan Luis Burgos–Gandia, Dallas, TX, for Jose Joaquin Avila–Trujillo.

Before GARZA, DENNIS, and PRADO, Circuit Judges.

PER CURIAM: *

Jose Joaquin Avila–Trujillo appeals the sentence imposed following his guilty-plea conviction for being found unlawfully in the United States after deportation without the consent of the Attorney General or the Secretary of Homeland Security in violation of 8 U.S.C. § 1326. In his appellate brief, Avila–Trujillo states that he is raising the issue whether the district court erred in imposing a sentence that violated the plea agreement without providing him

an opportunity to withdraw his guilty plea. However, he has not addressed or adequately briefed this issue in the body of his appellate brief. Therefore, he has abandoned this issue on appeal. *See United States v. Clay,* 408 F.3d 214, 216 n. 2 (5th Cir.2005).

Avila–Trujillo argues that the district court violated his Sixth Amendment rights by imposing his sentence based on his prior convictions which were not charged in the indictment, admitted by him, or proven to a jury beyond a reasonable doubt in light of *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Avila–Trujillo's sentence was enhanced based solely on his prior state convictions for aggravated assault. Under *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), there is no requirement that Avila–Trujillo's prior criminal history be alleged in the indictment and either admitted by him or proven to a jury beyond a reasonable doubt. Consistent with *Almendarez–Torres,* "*Booker* explicitly excepts from Sixth Amendment analysis" the fact of a prior conviction. *Booker,* 125 S.Ct. at 756, 769; *United States v. Guevara,* 408 F.3d 252, 261 (5th Cir.2005), *cert. denied,* —— U.S. ——, 126 S.Ct. 1080, 163 L.Ed.2d 898 (2006). Therefore, the increase in Avila–Trujillo's sentence based on his prior convictions did not violate his Sixth Amendment rights under *Booker. See Booker,* 125 S.Ct. at 756, 769; *Guevara,* 408 F.3d at 261.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.